UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
REGINAL LEE DAVIS,                         :
                                           :
        Plaintiff,                        :      Civ. No. 13-1133 (RBK) (AMD)
                                           :
      v.                                   :      **OPINION**
                                           :
DR. PETER BROCADO, et al.                  :
                                           :
        Defendants.                       :
_____    :

**ROBERT B. KUGLER, U.S.D.J.**

### I.      INTRODUCTION

Plaintiff is incarcerated at the Camden County Correctional Facility in Camden, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, the Court administratively terminated this action as plaintiff's application to proceed *in forma pauperis* was incomplete. Plaintiff has now filed a new application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed. However, plaintiff shall be given leave to file an amended complaint.

### II.     BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff alleges that Peter Brocado is the Mental Health Psychiatrist at the Camden County

1

Correctional Facility. Dr. Brocado purportedly forcefully medicated plaintiff against his will even though plaintiff had signed a refusal to medicate form. Dr. Brocado apparently ordered this without being present to assess plaintiff's condition. Plaintiff also alleges that the Medical Department of New Jersey played a role in this through the utilization of psychotropic drugs that impaired him mentally.

Thomas Brown is an Assignment Judge who purportedly sent plaintiff to prison without a factual basis for resisting arrest to protect Roderick T. Baltimore.

John T. McNeil is purportedly liable based on a false imprisonment theory.

The Public Defender's Office is purportedly liable from 1992 until the present due to a conflict of interest and false imprisonment.

The "Prosecutor's Office" is purportedly is liable for violating the "RPC."

In a letter received by the Court after plaintiff submitted his complaint (*see* Dkt. No. 4.), he also seeks to add to his complaint issues against defendant Christopher Cunningham and Christopher Fosler. Cunningham allegedly works in the mental health department at the Camden County Correctional Facility. Cunningham purportedly used duress to make plaintiff take medication as well as prevented him from seeing a psychiatrist on June 19, 2013.

Defendant Fosler is a commanding officer at the Camden County Correctional Facility. He purportedly violated plaintiff's rights by preventing him from receiving mental medical treatment as well as denied him access to the law library.

Plaintiff asserts that he is entitled to $999.99 in his statement of relief.

### III.     STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV.   DISCUSSION

    A. <u>Allegations Related to Improper Medical Care</u>

Plaintiff alleges that defendant Peter Brocado is involved in this case by forcefully medicating him against his will.  Plaintiff also states that the Medical Department of New Jersey is also involved in his present medical condition by utilizing psychotropic drugs on him. Plaintiff also alleges that defendant Cunningham and Fosler are also liable based on the

treatment (or lack thereof) plaintiff has received at the Camden County Correctional Facility for his mental health.

Plaintiff raised similar allegations respect to the improper treatment he has received for his mental medical condition in another action filed in this Court. (*See* Civ. No. 12-6128.) Presently, that action is ongoing as the Court has granted plaintiff leave to file a second amended complaint.

"[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *See Morris v. United States Dep't of Health and Human Servs.*, No. 13-0950, 2013 WL 3938993, at *2 (D. Del. July 26, 2013) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1409 (D.C. Cir. 1981); *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003)); *see also Shockley v. Hosterman*, No. No. 07-0497, 2008 WL 141150, at *2 (D. Del. Jan. 12, 2008).

In this case, Plaintiff's claims arising from his mental medical condition and subsequent care of him are duplicative of the allegations plaintiff is pursuing in a previously filed action in Civ. No. 12-6128. Accordingly, the Court will dismiss the claims against these defendants related to plaintiff's medical care without prejudice they are duplicative and therefore malicious. Plaintiff can of course pursue these types of medical care claims in his other civil rights action.

B.  Allegations Related to Being Sent to Jail

Plaintiff states that Thomas A. Brown is an assignment judge. He is purportedly liable to plaintiff in this civil rights action because he sent him to prison without any factual basis in 2010 for resisting arrest.

A judicial officer has absolute immunity in the performance of his duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *See id.* at 11. There are two exceptions for judicial immunity: (1) for non-judicial actions (actions not taken in the judge's judicial capacity); and (2) for actions, though judicial in nature, which are taken in the complete absence of jurisdiction. *See id.* at 11-12. Whether an act by a judge is a judicial one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769-70 (3d Cir. 2000).

In this case, plaintiff's allegations with respect to Judge Brown appear related to his judicial duties as he purportedly sent plaintiff to prison on a resisting arrest charge. As such, his actions are indisputably within the judicial function. Accordingly, the claims against Judge Brown will be dismissed with prejudice as they are barred by judicial immunity.

C. <u>Allegations of False Imprisonment</u>

Plaintiff next alleges that "John T. McNeil in July 12, 97 for false imprisonment, deprivation of life, liberty and property." (Dkt. No. 1 at p. 6.) McNeil is alleged to be a judge. If McNeil was the judge who sent plaintiff to jail in 1997, then the claims against him may be barred by judicial immunity for similar reasons as to why the claims against Judge Brown were barred. However, it is unclear how Judge McNeil purportedly falsely imprisoned plaintiff. Indeed, plaintiff simply states in conclusory fashion that Judge McNeil is liable due to falsely imprisoning plaintiff. Such conclusory allegations, without any further factual allegations regarding the purported false imprisonment, fail to state a false imprisonment claim against McNeil for false imprisonment under the *Iqbal* facial plausibility standard.

Additionally, it is worth noting that Section 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also Owens v. Okure*, 488 U.S. 235, 240 (1989) ("42 U.S.C. § 1988 requires courts to borrow and apply to *all* § 1983 claims the one most analogous state statute of limitations.") (emphasis added) (citations omitted); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 24-25 (3d Cir. 1989) (concluding that in New Jersey, two-year statute of limitations set forth in N.J. STAT. ANN. § 2A: 14-2 applies to 42 U.S.C. § 1983 claims); *Wilson v. City of Newark*, No. 06-5219, 2008 WL 834398, at *4 (D.N.J. Mar. 27, 2008) (applying New Jersey's two-year statute of limitations for personal injury actions under N.J. Stat. Ann. § 2A: 14-2 to Section 1983 claim); *Scrutchins v. Div. of Youth and Family Servs.*, No. 05-0925, 2005 WL 3588481, at *6 (D.N.J. Dec. 29, 2005) ("[A]ll claims brought in New Jersey under 42 U.S.C. § 1983 . . . are subject to a two-year statute of limitations period."). The complaint appears to allege that McNeil is liable for false imprisonment based on actions occurring in July, 1997, which would mean that the statute of limitations for this claim may have long since expired. Nevertheless, in light of the bare nature of plaintiff's claims against McNeil, the Court will dismiss the claims against him without prejudice at this time for failure to state a claim.

D. <u>Allegations Against Public Defender's Office and Prosecutor's Office</u>

Plaintiff also states in the complaint that from 1992 until the present that the Public Defender's Office had a conflict of interest and falsely imprisoned him. Furthermore, plaintiff claims that the "Prosecutor's Office" is liable for violating "RPC."

The Office of the Public Defender is a not amenable to a § 1983 action as it is not a person within the meaning of § 1983. *See Souels v. McGuigan*, No. 13-0935, 2013 WL 822267,

at *1 (D.N.J. Mar. 6, 2013) (dismissing Office of the Public Defender as it is not a person within the meaning of Section 1983) (citations omitted); *Baker v. New Jersey*, No. 10-5790, 2012 WL 295162, at *3 (D.N.J. Jan. 31, 2012) (dismissing Office of the Public Defender as a defendant as it is not a "person" for purposes of Section 1983 liability) (citations omitted). Similarly, the "Prosecutor's Office" is not amenable to suit as it too is not a "person" for purposes of Section 1983 liability. *See Gordon v. Berkeley Twp. Police*, No. 10-5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person" within the meaning of a Section 1983 suit) (citations omitted); *Baker v. Lewis*, No. 10-3438, 2010 WL 4117140, at *1 n. 1 (D.N.J. Oct. 19, 2010) (same) (citations omitted). Accordingly, the claims against these two defendants will be dismissed with prejudice for failure to state a claim.

    E.  <u>Allegations Regarding Access to Law Library</u>

        Plaintiff also alleges that that defendant Christopher Fosler is liable for denying him access to the law library. Plaintiff has raised a similar denial of access to the law library claim against other defendants in Civ. No. 12-6128. Thus, this claim against Fosler in this action may be deemed malicious as it is potentially duplicative of Civ. No. 12-6128. However, based on plaintiff's bare allegations as stated in his letter against Fosler, the Court will decline to dismiss this claim for maliciousness. Instead, the Court will dismiss plaintiff's claim against Fosler on his access to the law library claim without prejudice for failure to state a claim.

        Plaintiff's claim against Fosler with respect to access to the law library is construed as an access to courts claim. *See Collins v. ACJF*, No. 10-5481, 2011 WL 3273137, at *2 (D.N.J. July 29, 2011) (construing denial of access to law library claim as a claim for denial of access to the courts). "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S.

343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> In this case, the defendants confiscated all of the plaintiffs' contraband and non-contraband legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes. In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike. That claim, on its face, was insufficient to state a claim under *Harbury*. So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous. Nor did they maintain that they had no other remedy to compensate them for their lost claims. Even liberally construing their complaints as we must do for *pro se* litigants, they do not sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

Plaintiff fails to describe the underlying arguable claims that he was prevented from raising due to the purported denial of law library access by Fosler. Therefore, pursuant to the pleading standards set forth in above, plaintiff has failed to state an access to courts claim against

9

him.  As it is possible that an amendment could cure this deficiency, the dismissal of this claim will be without prejudice.

F.  <u>Defendants Roderick T. Baltimore, Anthony M. Pugliese, Anne T. Picker, Marica Soats and Shevelle McPheason</u>

Plaintiff also lists as defendants Roderick T. Baltimore, Anthony M. Pugliese, Anne T. Picker, Marica Soats and Shevelle McPheason.  However, besides listing them as defendants, the complaint is silent as to how these defendants acted under color of state law to violate plaintiff's constitutional rights.  Accordingly, these defendants will be dismissed without prejudice for failure to state a claim.  Plaintiff fails under the *Iqbal* standard to state a claim against them that has facial plausibility.

V.  **CONCLUSION**

For the foregoing reasons, the complaint will be dismissed.  Plaintiff shall have the opportunity to file an amended complaint on his claims that are dismissed without prejudice for failure to state a claim.  An appropriate order will be entered.


DATED:   April 16, 2014

                                                   s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge